**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **ZHONGSHAN BESWAY TECHNOLOGY CO., LTD.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**YEUK FUNG GY INTERNATIONAL LIMITED,**<br><br>**Defendant.** | **Civil Action No.: 26-cv-9703**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

Plaintiff Zhongshan Besway Technology Co., Ltd. ("Plaintiff" or "Besway"), by its undersigned counsel, brings this action against Defendant Yeuk Fung GY International Limited ("Defendant" or "GY") and alleges:

## NATURE OF THE ACTION

1. This action concerns Defendant's infringement of U.S. Design Patent No. D1,115,368 S (the "'368 Patent"), entitled "Single Bed Frame for Kids," through its commercial sales of infringing bed frames in the United States.

2. Defendant operates the Amazon storefront "Belle-Direct" under Seller ID AII5ERISHYTB2. Through that storefront, Defendant has advertised, offered for sale, and, on information and belief, sold and distributed the thirteen bed-frame products identified in Exhibit B (the "Accused Products").

3. The Accused Products appropriate the ornamental design claimed in the ’368 Patent. Defendant’s unauthorized offers for sale and sales after issuance of the patent violate 35 U.S.C. § 271(a).

4. Plaintiff seeks an award of damages, Defendant’s profits recoverable under 35 U.S.C. § 289, injunctive relief, and other remedies authorized by law.

## PARTIES

5. Plaintiff Zhongshan Besway Technology Co., Ltd. is a company organized under the laws of the People’s Republic of China, with its principal place of business in Zhongshan, China. Plaintiff is the named assignee and owner of the ’368 Patent.

6. Defendant Yeuk Fung GY International Limited is, on information and belief, a company organized under the laws of Hong Kong and conducts business in the United States through online marketplace sales, including the Belle-Direct Amazon storefront.

7. Amazon’s Belle-Direct seller information identifies Defendant by its full corporate name, YEUK FUNG GY INTERNATIONAL LIMITED, with an address at Room 60, 3/F, Block A, East Sun Industrial Centre, 16 Shing Yip Street, Kwun Tong, Kowloon, Hong Kong. Exhibit B includes the seller information.

8. Defendant’s Belle-Direct storefront operates under Seller ID AII5ERISHYTB2 and was the identified seller of the thirteen Accused Products documented in Exhibit B.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271.

10. This Court has specific personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(1)(A) and the Texas long-arm statute. On information and belief, Defendant purposefully conducted commercial transactions involving the Accused Products with Texas purchasers through the Belle-Direct storefront and its associated U.S. fulfillment channels. Plaintiff's claims arise from those accused commercial activities.

11. Defendant has advertised and offered the Accused Products for sale to U.S. consumers, including Texas consumers, through the Belle-Direct Amazon storefront. On information and belief, Defendant accepted orders for the Accused Products from Texas customers and arranged fulfillment and shipment through Amazon's U.S. marketplace infrastructure.

12. Publicly available commercial records document BELLEMAVE-branded children's floor beds in liquidation and resale channels in Garland, Houston, and Alamo, Texas. Defendant markets the Accused Products under the BELLEMAVE brand through Belle-Direct. These Texas records provide additional context for the brand's commercial circulation in the State.

13. On information and belief, Defendant's sales and fulfillment activities included transactions involving the Accused Products destined for Texas. Those transactions constitute purposeful commercial contacts related to the infringement alleged in this action.

14. Defendant has purposefully solicited U.S. purchasers, including purchasers in Texas, by offering the Accused Products through a marketplace configured to accept orders and arrange delivery to those customers. On information and belief, Defendant derived revenue from transactions involving Texas purchasers.

15. In the alternative, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2). This action arises under federal patent law; Defendant is a Hong Kong corporation that purposefully directed the offer for sale and sale of the Accused Products to the

United States through its Amazon storefront. To the extent Defendant is not subject to jurisdiction in any state's courts of general jurisdiction, its contacts with the United States as a whole support the exercise of jurisdiction consistent with due process.

16. Defendant's deliberate commercial activities directed toward the United States, including its offers for sale of the Accused Products through Belle-Direct and, on information and belief, resulting U.S. sales and shipments, constitute substantial suit-related contacts with the United States for purposes of Rule 4(k)(2).

17. In the prior Northern District of Illinois action, Tan Weihao submitted a sworn declaration concerning Belle-Direct and Bonwell and stated that "Defendant's approximate total sales for the accused product in the United States exceed 2,000 units, generating approximate net profit of $300,000." See Zhongshan Besway Technology Co., Ltd. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A, No. 1:26-cv-06031, Dkt. 12-1 ¶¶ 2, 12 (N.D. Ill. June 11, 2026). The sworn declaration provides further evidence of substantial commercial sales activity directed toward the United States.

18. Venue is proper because Defendant is not a resident of the United States and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3). See *In re HTC Corp.*, 889 F.3d 1349, 1356–60 (Fed. Cir. 2018).

## THE ASSERTED DESIGN PATENT

19. The United States Patent and Trademark Office issued the '368 Patent on March 3, 2026. The patent is entitled "Single Bed Frame for Kids" and identifies Plaintiff as its assignee. A true and correct copy of the '368 Patent is attached hereto as Exhibit A.

20. Plaintiff owns all right, title, and interest in the ’368 Patent, including the right to enforce it and recover for infringement.

21. The ’368 Patent claims the ornamental design for a single bed frame for kids, as shown and described in the patent drawings. The figures depict the protected overall ornamental appearance.

22. The ’368 Patent is valid, enforceable, and in force. Plaintiff has not licensed Defendant to make, use, offer for sale, sell, or import products embodying the patented design.

DEFENDANT'S ACCUSED PRODUCTS

23. In April and May 2026, Defendant’s Belle-Direct storefront offered thirteen Accused Products for sale on Amazon. Plaintiff preserved the product listings, each identifying Belle-Direct as seller or shipper/seller. Those listings are reproduced in Exhibit B, pages 3–15, and correspond to the following ASINs:

a) ASIN B0FP4Y87K2 (Exhibit B at page 3)

b) ASIN B0GQSYQY94 (Exhibit B at page 4)

c) ASIN B0G5DQFBNZ (Exhibit B at page 5)

d) ASIN B0FPCY917X (Exhibit B at page 6)

e) ASIN B0FP4TPD5G (Exhibit B at page 7)

f) ASIN B0FP4YMGX4 (Exhibit B at page 8)

g) ASIN B0FS6H8P8T (Exhibit B at page 9)

h) ASIN B0FS6LCW8V (Exhibit B at page 10)

i) ASIN B0FS658HLK (Exhibit B at page 11)

j) ASIN B0FSKXFHXP (Exhibit B at page 12)

k) ASIN B0G6BGT5RR (Exhibit B at page 13)

l) ASIN B0GX5Y7BKL (Exhibit B at page 14)

m) ASIN B0GQSVQ8JN (Exhibit B at page 15)

24. The Accused Products depicted in Exhibit B embody substantially the same overall ornamental appearance as the design claimed in the ’368 Patent. Viewed as a whole, and from the perspective of an ordinary observer familiar with the relevant prior art, their visual similarities are sufficient to cause confusion as to whether the Accused Products embody the patented design.

25. Defendant’s offers for sale of the Accused Products were documented after the ’368 Patent issued. Defendant used its Belle-Direct storefront to solicit orders for those designs from U.S. purchasers and, on information and belief, consummated sales of the Accused Products.

## COUNT I — DIRECT INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,115,368 S

26. Plaintiff incorporates paragraphs 1 through 25 as if fully set forth here.

27. Defendant has infringed the ’368 Patent under 35 U.S.C. § 271(a) by offering for sale and, on information and belief, selling the Accused Products in the United States without Plaintiff’s authorization, including acts occurring on or after March 3, 2026.

28. On information and belief, each Accused Product embodies an ornamental design substantially the same as the claimed design. The similarities in the overall appearances are such that an ordinary observer familiar with the relevant prior art would be deceived into purchasing an Accused Product believing it to embody the patented design.

29. Defendant’s infringement has caused injury to Plaintiff. Plaintiff is entitled to recover damages under 35 U.S.C. § 284 and, as an alternative monetary remedy for the relevant article of manufacture, Defendant’s total profit under 35 U.S.C. § 289, without duplicative recovery.

30. Defendant continues to operate the Belle-Direct marketplace business and maintains the means to offer or distribute infringing products in the United States. Plaintiff seeks

appropriate permanent injunctive relief under 35 U.S.C. § 283 to prevent further infringement of the ’368 Patent.

31. Plaintiff also seeks interest, costs, and reasonable attorneys’ fees under 35 U.S.C. § 285 upon a finding that this is an exceptional case.

## RELATED PRIOR LITIGATION

32. On May 22, 2026, Plaintiff filed an action in the Northern District of Illinois asserting the ’368 Patent against marketplace sellers, including the Belle-Direct storefront: *Zhongshan Besway Technology Co., Ltd.* v. *The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A*, No. 1:26-cv-06031 (N.D. Ill.).

33. The Illinois action concluded without prejudice. The court dismissed the initial complaint without prejudice on June 10, 2026, and Plaintiff voluntarily dismissed the action without prejudice on August 17, 2026. On August 17, 2026, the court entered a minute order recognizing the voluntary dismissal and closing the action. The Illinois court did not adjudicate the merits of the patent infringement claims.

34. Plaintiff brings this action against Yeuk Fung GY International Limited, the identified entity associated with Belle-Direct, and discloses the prior Illinois proceeding under Southern District of Texas Local Rule 5.2. The present action concerns the identified Defendant’s commercial activities involving the thirteen Accused Products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment that Defendant infringed U.S. Design Patent No. D1,115,368 S under 35 U.S.C. § 271(a);

B. Award damages sufficient to compensate Plaintiff for Defendant's infringement under 35 U.S.C. § 284, together with applicable interest and costs;

C. Award Defendant's total profit under 35 U.S.C. § 289 as an alternative available remedy for infringement of the design patent, without double recovery;

D. Enter a permanent injunction under 35 U.S.C. § 283 prohibiting Defendant, its officers, agents, employees, and those acting in concert with it from further infringing the '368 Patent;

E. Declare this an exceptional case and award reasonable attorneys' fees under 35 U.S.C. § 285;

F. Grant such other relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands trial by jury on all issues so triable.

Dated: November 4, 2026

Respectfully submitted,

/s/ Alexander Warden

Alexander Warden
Attorney-in-Charge
New York Bar No.: 6055388
S.D. Texas Federal Bar No.: 3921865
West Atlantic Law Firm, PLLC
104 West 40th Street, 4th Floor
New York, NY 10018
Telephone: (347) 420-0279
Email: alexander.warden@walflaw.com
Counsel for Plaintiff Zhongshan Besway Technology Co., Ltd.